IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 05-40024-02 |
| v. | ) | |
| | ) | |
| ALI HIJAZI, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S UNOPPOSED MOTION TO DISMISS INDICTMENTS**
**and**
**UNOPPOSED MOTION TO EXPEDITE RULING ON THAT MOTION**

The United States of America moves this Court under Federal Rule of Criminal Procedure 48(a) to dismiss with prejudice all indictments pending in this Court against defendant Ali Hijazi. The government also asks this Court to expedite its ruling on the motion to dismiss because Hijazi is currently appealing (and simultaneously petitioning for a writ of mandamus regarding) this Court's pretrial denial of Hijazi's motions to dismiss the indictments. The Seventh Circuit set an expedited briefing schedule for the consolidated appeal. But, on August 26, 2011, it suspended that schedule for ten days to allow this Court time to receive and rule on the government's motion to dismiss the indictments.

Although an appeal and a mandamus petition arising from this case are now pending before the Seventh Circuit, that court did not stay proceedings before

this Court. Moreover, this Court retains jurisdiction to resolve a case while an interlocutory appeal is pending. *See Shevlin v. Schewe*, 809 F.2d 447, 450-51 (7th Cir. 1987) (stating that interlocutory appeal does not extinguish rights of parties to settle their lawsuit). In further support of its motion to dismiss the indictments, the government states:

In March 2005, a grand jury indicted Jeff Mazon and Ali Hijazi for jointly violating the Major Fraud Act (18 U.S.C. § 1031(a)) and the wire fraud statute (18 U.S.C. § 1343). A grand jury twice superseded the indictment. The final indictment alleged that the two men schemed to defraud the United States by inflating the subcontract price for storing and dispensing fuel for U.S. military operations in Kuwait. (Doc. 59)

Mazon was the procurement manager, stationed in Kuwait, for Kellogg Brown & Root Services ("KBR"), the American company that the U.S. military contracted to provide property and services in locations including Kuwait. (Doc. 59 ¶¶ 3-8) Hijazi, a citizen of Lebanon and a lifelong resident of Kuwait (Doc. 233 at 6), was the managing partner of La Nouvelle, the Kuwaiti company that subcontracted with KBR to store and dispense fuel at a Kuwait airport for the military. (Doc. 59 ¶¶ 13, 21) The indictment alleged that, with Mazon acting as principal and Hijazi as aider and abettor, the two men defrauded the United

States in 2003 by causing it to pay an inflated price on La Nouvelle's subcontract. The inflated price was allegedly $3.8 million more than La Nouvelle's original bid. (Doc. 59 ¶ 23) The indictment also alleged that, after Mazon left KBR, Hijazi gave Mazon a $1 million draft in exchange for Mazon's favorable treatment of La Nouvelle. (Doc. 59 ¶ 28)

Mazon was never able to cash or otherwise negotiate the draft. (Doc. 59 ¶¶ 30-32) Also, KBR credited the United States several million dollars in relation to the fuel subcontract with La Nouvelle.

Mazon appeared before this Court, pleaded not guilty, and proceeded to trial twice in 2008. Both times, the jury failed to reach a verdict. Ultimately, he pleaded guilty to a misdemeanor charge of making a false statement, and this Court granted the government's motion to dismiss the fraud charges against him.

Hijazi has never appeared for arraignment. For at least the past six years he has remained in Kuwait, a country with which the United States has no extradition treaty. Nevertheless, during those six years, lawyers for Hijazi have repeatedly appeared before this Court and the Seventh Circuit to challenge the charges against him and to seek dismissal of the indictments. The case is now before the Seventh Circuit on Hijazi's third petition for a writ of mandamus.

Thus far, the efforts of Hijazi's lawyer to obtain a dismissal of the indictments have failed. On July 18, 2011, this Court denied Hijazi's motions to dismiss the indictments. The government expected that this Court's ruling would bring to an end the expenditure of judicial and executive branch resources on this case until Hijazi appeared in person before this Court. Hijazi then filed a petition for a writ of mandamus with the Seventh Circuit and a notice of appeal with this Court. On August 5, 2011, the Seventh Circuit granted Hijazi's motion to consolidate those two matters and also granted his motion to expedite the briefing. It ordered Hijazi to file his brief and required short appendix by August 26, 2011, and the government to respond by September 16, 2011. The Court of Appeals said, "No extensions of time will be granted," and it announced that oral argument will be set during the week of October 17, 2011. As stated previously, on August 26, 2011, the Court of Appeals granted the government's request to suspend the expedited briefing for ten days so the government could move this Court to dismiss the indictments with prejudice.

In light of all these circumstances, and others, the government has concluded that termination of its effort to prosecute Hijazi in this case will best serve the interest of the United States. The government believes, for example, that the Seventh Circuit's affirmance of this Court's ruling on Hijazi's motions to dismiss

will not bring Hijazi any closer to an arraignment. So long as he remains in Kuwait, as he has for a number of years, this case will linger on this Court's docket, and the government and the judiciary will continue to devote time and resources to the prosecution of a defendant who, in all likelihood, will never appear in court. Given those unique circumstances, the interests of judicial economy and the efficient use of limited judicial and executive resources support the dismissal of the indictments against Hijazi with prejudice.

Hijazi's counsel of record, H. Christopher Bartolomucci, reviewed a copy of these motions and advised government counsel that he does not oppose them.

Accordingly, the government asks this Court to dismiss the pending indictments, including the original and both superseding indictments, against Hijazi with prejudice and to do so expeditiously.

Respectfully submitted,

UNITED STATES OF AMERICA

JAMES A. LEWIS
UNITED STATES ATTORNEY


by: /s/ Joseph H. Hartzler_____
    Joseph H. Hartzler
    Assistant United States Attorney
    318 South Sixth Street
    Springfield, Illinois 61602
    Tel: 217.492.4450 Fax: 217.492.4044

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to, among others, Hijazi's counsel of record H. Christopher Bartolomucci.

s/ Joseph H. Hartzler
Assistant United States Attorney
318 South Sixth Street
Springfield, IL 62701
(217) 492-4450
Fax: (217) 492-4044